UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| NORMA ACOSTA and MARLYSE O'HAGAN, Individually and On Behalf Of All Others Similarly Situated, § § § § § Plaintiffs, § § v. § § LASER PHYSICIANS, PA d/b/a AMERICAN LASER MED SPA, § § § § Defendant. § | Cause No. 3:20-cv-00112 |

## PLAINTIFFS' ORIGINAL COMPLAINT - COLLECTIVE ACTION

Plaintiff NORMA ACOSTA and MARLYSE O'HAGAN, Individually and On Behalf of All Others Similarly Situated ("Plaintiffs" and "Class Members" herein), complain of LASER PHYSICIANS, PA. d/b/a AMERICAN LASER MED SPA (herein after referred to as "Defendant" or "Laser Physicians") and show as follows:

### I.   NATURE OF SUIT

1. The Fair Labor Standards act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay its employees at time and one-half

their regular rates of pay for all hours worked within a workweek in excess of forty hours.

3. Plaintiff Norma Acosta, Clinic Manager, is a non-exempt employee who has been denied overtime compensation owed to her as required by the law. Plaintiffs filed this collective action to recover unpaid overtime compensation owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendant.

4. Plaintiff Marlyse O'Hagan, Laser Technician, is a non-exempt employee who has been denied overtime compensation owed to her as required by the law. Plaintiffs filed this collective action to recover unpaid overtime compensation owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendant.

## II.     JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 & 1343.

6. Venue is proper in the Western District of Texas because a substantial portion of the events forming the basis of the suit occurred in this District and exists as detailed in 28 U.S.C. §1391.

## III.     PARTIES

7. Plaintiff Norma Acosta is a resident of El Paso, Texas. Her written consent to this action is attached as Exhibit "A".

8. Plaintiff Marlyse O'Hagan is a resident of El Paso, Texas. Her written consent to this action is attached as Exhibit "B".

9. The Plaintiffs and Class Members are all of the Defendant's current and former "Laser Technicians," and "Laser Technician Managers" for the Defendant – regardless of pay structure – who worked for Defendant.

10. Defendant Laser Physicians, PA d/b/a American Laser Med Spa is a Texas Professional Association and may be served with process by serving its registered agent Kanase Padmaneel or any other authorized officer or agent therein at 6011 Hunter, Amarillo, Texas 79119 and/or where ever he/she may be found. Defendant owns and operates 5 clinics in Texas, including El Paso, Amarillo, Corpus Christi, Lubbock, and Midland, Texas.

### IV.  COVERAGE

11. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Class Members.

12. Defendant is an employer within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all material times, Defendant has been an enterprise within the meaning of § 3(r) of the FLSA, 29 U.S.C. 203(r).

14. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Defendant has had, and continues to have, an annual gross income of business done of not less than $500,000.

16. At all material times, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

### V.  FACTUAL BACKGROUND

17. Defendant conducts business in El Paso, Texas.

18. The primary job duties of the "Laser Technicians" and "Clinic Manager" are the same. Plaintiffs and Class Members worked as "Laser Technicians" and "Clinic Managers," but

essentially performed duties relating to laser hair removal, micro needling, ultrasonic facials, and scheduling of clients at Defendant's places of business.

19. Specifically, "Laser Technicians" and "Clinic Managers" were required to work off "off-the-clock." Plaintiffs and similarly situated "Laser Technicians" and "Clinic Managers" worked through lunch and after hours. "Clinic Managers" worked nine hours per day, 6 days per week, with every other Saturday off.

20. "Laser Technicians" were all non-exempt and were paid hourly. They were and are treated as nonexempt. They were supposed to be paid for all hours worked. At all relevant times, these employees were non-exempt and Defendant failed to pay overtime wages.

21. "Clinic Managers" were misclassified as exempt and paid a salary. At all relevant times, these employees were misclassified by Defendant as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. §207.

22. Plaintiffs and similarly situated "Laser Technicians" and "Clinic Managers" worked daily without proper compensation. Lastly, Defendant did not adequately keep track of Plaintiffs' work hours, even though Plaintiffs were non-exempt employees or misclassified as exempt employees for overtime purposes.

23. Plaintiffs have not been paid as time and one-half their regular rate for hours worked in excess of forty hours in a workweek. Plaintiffs and Class Members have been expected to work more than 40 hours a week on average and have not been given overtime pay for hours worked over 40 in a workweek.

24. Defendant has known the FLSA was applicable to its employees, yet it has intentionally refused to pay overtime. In fact, Plaintiffs and Class Members were routinely instructed or suffered to work more than 40 hours per workweek but were not compensated.

Accordingly, Defendant's pattern or practice of failing to pay these employees in accordance with the FLSA was and is a willful violation of the FLSA. Moreover, Defendant did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

25. Kanase Padmaneel, owner of American Laser Med Spa, oversees all aspects of the Defendant's locations, including staff training, supervising ongoing treatments, and monitoring treatment protocols.

26. Plaintiff Norma Acosta and Marlyse O'Hagan all worked for Defendant at 154 N Festival Dr Bldg. C, El Paso, Texas. However, Defendant has locations throughout Texas.

## VI.   COLLECTIVE ACTION ALLEGATIONS

27. Named Plaintiffs have actual knowledge that Class Members have also denied overtime pay for hours worked over forty hours in a week.

28. Named Plaintiffs have actual knowledge that Class members misclassified as exempt employees for overtime purposes.

29. Defendant suffer, permit, and/or require Class Members to work in excess of forty hours per week.

30. Defendant has improperly denied Class Members compensation for their hours worked over forty.

31. Defendant and Class Members perform the same or similar work in the provision of services to Defendant's clients.

32. Plaintiffs and Class members regularly work in excess of forty hours during a workweek.

33. The Class Members are similar to Plaintiffs in the denial of overtime pay when required to work over forty hours in a workweek.

34. Defendant's failure to pay minimum wage and/or overtime compensation at the rates required by the FLSA results from generally applicable polices or practices and do not depend on the personal circumstances of the Class Members.

35. Plaintiffs' experiences are typical of the experience of Class Members.

36. The specific job titles or precise job titles of each Class Members do not prevent collective treatment.

37. All Class Members, irrespective of their particular job requirements, are entitled to be compensated at minimum wage and are entitled to overtime compensation for hours worked in excess of forty during a workweek.

38. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

39. As such, the class of similarly situated Plaintiffs is properly defined as follows:

**All of Defendant's current and former "Laser Technicians," and "Clinic Managers" in Texas – regardless of pay structure – working from April 1, 2017 to the present.**

### VII. CAUSE OF ACTION FOR COLLECTIVE CLASS ACTION

40. Plaintiffs re-allege and incorporate by reference the facts as set forth above.

41. Defendant violated 29 U.S.C. §207 by failing to pay Plaintiffs and Class members time and one-half the regular rate of pay for all hours worked in excess of 40 hours during a workweek.

42. Defendant did not adequately keep track of "Laser Technicians" work hours, even though they were non-exempt employees for overtime purposes as outlined under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA").

43. Defendant misclassified "Clinic Managers" in violation of 29 U.S.C. §207.

Defendant failed to keep track of "Clinic Managers" work hours for overtime purposes. 29 U.S.C. §§ 201 *et. seq.* ("FLSA").

44. Plaintiffs and Class members have been damaged by these violations of 29 U.S.C. 207(a).

45. Defendant's violations of U.S.C. 207(a) were repeated, willful and intentional.

46. Plaintiffs and the Class members are entitled to an amount equal to all their unpaid regular and overtime wages as liquidated damages. 29 U.S.C. 216(b).

47. Additionally, Plaintiffs and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. 216(b).

## VIII.  PRAYER FOR RELIEF

48. Wherefore, Plaintiffs request that Defendant be cited to appear and answer, and that on final trial, Plaintiffs have judgment against Defendant as follows:

   a. Judgment against Defendant for Plaintiffs' actual damages;

   b. Overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one- and one-half times their regular rate;

   c. All unpaid wages and overtime compensation;

   d. Judgment against Defendant for liquidated damages for the maximum amount allowed by law;

   e. Compensatory damages, emotional distress and punitive damages. 29 U.S.C. 215(a)(3).

   f. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

   g. Costs of suit, including reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

h.       The award of such and further relief, both at law and in equity, to which Plaintiffs and Class Members may be justly entitled.

Respectfully Submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiffs*
730 E. Yandell Dr.
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 (Facsimile)

By:   */s/ Jonathan L.R. Baeza*
**RAYMOND D. MARTINEZ**
State Bar No. 24002537
raymond@martinezlawyers.com
**JONATHAN L.R. BAEZA**
State Bar No. 24092066
jonathan@martinezlawyers.com

PLAINTIFFS' ORIGINAL COMPLAINT AND COLLECTIVE ACTION
Page 8 of 8

# Exhibit A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **NORMA ACOSTA and** | § |
| **MARLYSE O'HAGAN,** | § |
| **Individually and On Behalf** | § |
| **Of All Others Similarly Situated,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **LASER PHYSICIANS, PA** | § |
| **d/b/a AMERICAN LASER MED SPA,** | § |
| | § |
| **Defendant.** | § |

## DECLARATION OF NORMA ACOSTA

I, Norma Acosta, declare:

1. "I am over the age of eighteen (18), am of sound mind, and competent to make this Declaration.

2. I make this declaration based upon personal knowledge and, if sworn as a witness, could and would testify competently to the facts contained herein.

3. I worked for Laser Physicians, PA d/b/a American Laser Med Spa. I worked there from approximately October 25, 2017 to January 31, 2018.

4. As part of its operations, Laser Physicians, PA d/b/a American Laser Med Spa hires "Laser Technicians" and "Clinic Manager" to essentially perform duties relating to laser hair removal, micro needling, ultrasonic facials, and scheduling of clients at Defendant's places of business. Most "Laser Technicians" and "Clinic Manager" I am aware of were not paid for the actual time worked or overtime.

5. I was regularly not paid for overtime. I was not paid for working through lunch, after hours, or overtime for hours over 40 hours in a week.

6. I know of other current and former "Laser Technicians" and "Clinic Manager" for Laser Physicians, PA d/b/a American Laser Med Spa, who, like me, were regularly not paid working through lunch, after hours, or overtime for hours over 40 hours in a week. I know this from personal experience, and from speaking with and observing my co-workers.

7. The primary job duties of the "Laser Technicians" and "Clinic Manager" were to perform duties relating to laser hair removal, micro needling, ultrasonic facials, and scheduling of clients at Defendant's places of business.

8. I know that there are other former or current employees who are interested in this lawsuit for being denied compensation owed them.

I declare that the foregoing is true and correct."

_____
Norma Acosta

Executed on this __2__ day of _____April_____, 2020.

Sworn and transcribed before me this 2nd day of April, 2020.

CYNTHIA A. HERNANDEZ
Notary Public, State of Texas
Comm. Expires 10-05-2020
Notary ID 130850621

[SEAL]

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission Expires:

10/5/2020

# Exhibit B

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **NORMA ACOSTA and** | § |
| **MARLYSE O'HAGAN,** | § |
| **Individually and On Behalf** | § |
| **Of All Others Similarly Situated,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **LASER PHYSICIANS, PA** | § |
| **d/b/a AMERICAN LASER MED SPA,** | § |
| | § |
| **Defendant.** | § |

## DECLARATION OF MARLYSE O'HAGAN

I, Marlyse O'Hagan, declare:

1. "I am over the age of eighteen (18), am of sound mind, and competent to make this Declaration.

2. I make this declaration based upon personal knowledge and, if sworn as a witness, could and would testify competently to the facts contained herein.

3. I worked for Laser Physicians, PA d/b/a American Laser Med Spa. I worked there from approximately December, 2017 to May, 2018.

4. As part of its operations, Laser Physicians, PA d/b/a American Laser Med Spa hires "Laser Technicians" and "Clinic Manager" to essentially perform duties relating to laser hair removal, micro needling, ultrasonic facials, and scheduling of clients at Defendant's places of business. Most "Laser Technicians" and "Clinic Manager" I am aware of were not paid for the actual time worked or overtime.

5. I was regularly not paid for overtime. I was not paid for working through lunch, after hours, or overtime for hours over 40 hours in a week.

6. I know of other current and former "Laser Technicians" and "Clinic Manager" for Laser Physicians, PA d/b/a American Laser Med Spa, who, like me, were regularly not paid working through lunch, after hours, or overtime for hours over 40 hours in a week. I know this from personal experience, and from speaking with and observing my co-workers.

7.      The primary job duties of the "Laser Technicians" and "Clinic Manager" were to perform duties relating to laser hair removal, micro needling, ultrasonic facials, and scheduling of clients at Defendant's places of business.

8.      I know that there are other former or current employees who are interested in this lawsuit for being denied compensation owed them.

I declare that the foregoing is true and correct."

_____
Marlyse O'Hagan

Executed on this 13th day of April, 2020.

Sworn and transcribed before me this 13th day of April, 2020.

[SEAL]
CYNTHIA A. HERNANDEZ
Notary Public, State of Texas
Comm. Expires 10-05-2020
Notary ID 130850621

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission Expires:

10/5/2020