IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NORMA ACOSTA, | § | |
| CLAUDIA VASQUEZ, and | § | |
| MARLYSE O'HAGAN, | § | EP-20-CV-00112-RFC |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| LASER PHYSICIANS PA d/b/a | § | |
| AMERICAN LASER MED SPA, | § | |
| *Defendant.* | § | |

## ORDER GRANTING MOTION FOR JUDICALLY SUPERVISED NOTICE

**ON THIS DAY** came for consideration "Plaintiffs' Unopposed Motion for Judicially Supervised Notice Under 29 U.S.C. § 216(b)." (ECF No. 20.)  The Court has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiffs bring suit pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.  Both parties consented to trial on the merits before a United States Magistrate Judge (ECF No. 7-1), and the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C of the Local Court Rules of this district.  (ECF No. 8.)  After due consideration, the Court is of the opinion that the Motion should be GRANTED in part and DENIED in part.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs are former employees of Defendant, Laser Physicians PA, a subsidiary of American Laser Med Spa.  Plaintiffs worked as "Laser Technicians" and "Clinic Managers" at Defendant's El Paso, Texas facility.  (ECF No. 20-1:2-7.)  They allege, in their Complaint, that Defendant required them to work in excess of forty hours per week and did not compensate them

with overtime pay, in violation of 29 U.S.C. § 207.  (ECF No. 1:4.)  They allege that Defendant improperly characterized their positions as exempt from section 207's overtime requirement. (*Id.*)

Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. § 216(b).  On October 6, 2020, Plaintiffs filed a motion for judicially supervised notice, seeking to certify a class consisting of all current and former employees who worked as employees of American Laser Med Spa during the period dating back to April 27, 2017.  (ECF No. 20:15.)  They request an order requiring Defendant to produce to them the names and addresses of all potential class plaintiffs and seek permission to issue notice to the potential plaintiffs of the existence of the lawsuit.  (*Id.*) Defendant filed no opposition.

## II.    DISCUSSION

### a.  The Court authorizes this case to proceed as a collective action under the FLSA.

Plaintiffs first ask that this case be authorized as a collective action under the FLSA.  (ECF No. 20:9.)

Title 29 U.S.C. § 216(b) permits an employee to maintain an action alleging a violation of the FLSA against his employer on behalf of himself and "other employees similarly situated."  29 U.S.C. § 216(b).  "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  *Id.*  Thus, a representative action under the FLSA is different from a class action pursuant to Federal Rule of Civil Procedure 23 in that § 216(b) creates an "opt-in" rather than an "opt-out" procedure.  *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled in part on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

The Fifth Circuit has declined to adopt a specific test for determining whether to certify a collective action pursuant to 29 U.S.C. § 216(b).  *Mooney*, 54 F.3d at 1213 ("[T]he proper class

certification procedure . . . is largely a matter of first impression for the circuit courts.  The district

court cases seem to divide along two basic lines.").  The prevailing analysis used by federal courts,

however, and the analysis adopted by the Court in this case, is the two-stage test set forth in *Lusardi*

*v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[1]

> Explaining the *Lusardi* test, the Fifth Circuit has stated:
>
>> The first determination is made at the so-called "notice stage."  At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.  Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.  If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in."  The action proceeds as a representative action throughout discovery.
>>
>> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial.  At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.  If the claimants are similarly situated, the district court allows the representative action to proceed to trial.  If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.  The class representatives-i.e. the original plaintiffs-proceed to trial on their individual claims.

*Mooney*, 54 F.3d at 1213-14.  This case is at the "notice stage" of the *Lusardi* test.  Accordingly,

the Court's decision to certify is "made using a fairly lenient standard."  *Id.*; *see also Bernal v.*

*Vankar*, 2008 WL 791963 at *3 (W.D. Tex. March 24, 2008).

Having reviewed the motions and supporting declarations, and taking into consideration

the lack of opposition from the Defendant, the Court finds that Plaintiffs have satisfied the lenient

---

[1] *See, e.g., Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010) (collecting cases); *Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003); *see also Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001) (finding the district court did not err in adopting the two-stage inquiry described by the Fifth Circuit in *Mooney*); *Detho v. Bilal*, 2008 WL 1730542 *5 (S.D. Tex. April 10, 2008) ("Most courts use the 'two-step . . . approach' as the preferred method for making the similarly-situated analysis, rather than the Rule 23 requirements."); *Mielke v. Laidlaw Transit, Inc.*, 313 F.Supp.2d 759, 762 (N.D. Ill. 2004) ("Neither the FLSA nor the regulations promulgated thereunder define the term 'similarly situated,' so courts have developed various methodologies and criteria for determining whether an FLSA lawsuit should proceed as a collective action.  The majority of courts have employed, or implicitly approved, a two-step ad hoc method.").

standard for certification under *Lusardi*.  Plaintiffs allege that they and class members worked at the same place of business, performing substantially the same duties, including: laser hair removal, micro needling, ultrasonic facials, scheduling of clients, meeting sales goals, and providing customer service.  (ECF No. 20-1.)  Defendant determined Plaintiffs' compensation and work responsibilities and paid all employees of American Laser Med Spa, including Plaintiffs and potential class members.  (*Id.*)  As these allegations satisfy *Lusardi*, the Court therefore conditionally certifies the case as a collective action pursuant to 29 U.S.C. § 216(b).

**b. The Court authorizes the judicially supervised, expedited notice and limited discovery proposed by the Plaintiffs.**

Plaintiffs next ask the Court to authorize judicially supervised notice (ECF No. 20:13), expedite notice (*Id.* at 14), and authorize limited discovery (*Id.* at 15).

District courts have discretion in appropriate cases to implement 29 U.S.C. § 216(b) by facilitating notice to potential plaintiffs.  *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  "Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time."  *Id.* at 171.  "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.  Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed.  This procedure may avoid the need to cancel consents obtained in an improper manner."  *Id.* at 172.  "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action."  *Id.*

Having reviewed Plaintiffs' proposed Notice (ECF No. 20-6), the Court finds that it is timely, accurate, and informative. *Hoffman-LaRoche*, 493 U.S. at 172. The Court therefore authorizes Plaintiffs to conduct limited discovery of a mailing list of all current and former employees employed by Defendant after April 27, 2017. *Id.* at 168, 170 ("The District Court was correct to permit discovery of the names and addresses" of former employees where "defendant had moved for discovery of the names and addresses of all similarly situated employees."). The Court further authorizes Plaintiffs to mail their proposed Notice to all current and former employees employed by Defendant after April 27, 2017. Any potential class members shall file their Consent Form with the Court within ninety (90) days of their receipt of the Notice.

### c.  The Court declines to toll the statute of limitations.

Plaintiff next asks the Court to toll the statute of limitations for potential opt-in plaintiffs. (ECF No. 20:15.)

A court has discretion regarding whether to equitably toll the statute of limitations in an FLSA case when the plaintiffs demonstrates that "he has been pursuing his rights diligently, . . . and . . . some extraordinary circumstance [applies]." *Sandoz v. Cingular Wireless, LLC*, 700 F.App'x. 317, 320 (5th Cir. 2017). "[T]he Fifth Circuit takes a strict view of the FLSA's provision that statute of limitations run from the opt-in date, and the court cannot change the terms of the statute unless warranted by extraordinary circumstances." *Mejia v. Bros. Petroleum, LLC*, 2014 WL 3853580, at *1 (E.D. La. Aug. 4, 2014), citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983) and *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) ("Equitable tolling is to be applied sparingly.").

By way of argument regarding their statute of limitations request, Plaintiffs merely assert that the Court's decision "will affect the lives of dozens of current and former employees who

likely have no idea Defendant denied them overtime." (ECF No. 20:16.)  But that argument applies to the statute of limitations with regard to any cause of action; it is no extraordinary circumstance that potential plaintiffs be deprived of a cause of action simply because they fail to pursue it in court.  Because Plaintiffs have not articulated any extraordinary circumstance warranting equitable tolling, the Court denies Plaintiffs' request that the statute of limitations be tolled for potential opt-in plaintiffs.

## III.   CONCLUSION

For the reasons discussed above, Plaintiffs' Motion for Notice to Potential Class Members is hereby **GRANTED** in part and **DENIED** in part.  The Court **DENIES** Plaintiffs request that the statute of limitations be tolled for potential opt-in plaintiffs, and otherwise **GRANTS** Plaintiffs' Motion.  Accordingly, the Court **ORDERS** as follows:

1) This matter is hereby authorized as a collective action under 29 U.S.C. § 216(b);

2) Defendant shall produce to Plaintiffs' counsel a computer-readable data file containing the names, addresses, and e-mail addresses of all such potential opt-in Plaintiffs within ten days of this order;

3) Plaintiffs are authorized to conduct expedited mailing of the proposed Notice to all persons currently or formerly employed;

4) Any potential class members shall file their Consent Form with the Court within ninety (90) days of their receipt of the Notice.

**IT IS SO ORDERED.**

**SIGNED** this 4th day of November, 2020.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE